UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JORGE ANDRES REYES MONTES, a/k/a  )
JORGE ANDRES MENDOZA REYES        )
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
COLLINS & 74TH STREET, INC. and   )
MOHAMMED HOSSAIN,                 )
                                  )
          Defendants.             )
_____)

### COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS

**COMES NOW** Plaintiff, JORGE ANDRES REYES MONTES, a/k/a JORGE ANDRES MENDOZA REYES, through undersigned counsel, files this Complaint against Defendants, COLLINS & 74TH STREET, INC. and MOHAMMED HOSSAIN and alleges:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant Corporation COLLINS & 74TH STREET, INC., is a corporation that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant MOHAMMED HOSSAIN is an owner and/or manager of Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period, and was responsible for paying Plaintiff's wages for the relevant time period, and controlled Plaintiff's work and schedule, and was therefore

Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement).

8. 29 U.S.C. § 207(a)(1) states that if an employer covered under the Fair Labor Standards Act employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty "at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a stocker from on or about September 9, 2014 and is still employed with Defendants.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done is in excess of $500,000 for the year 2014.

13. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2015.

14. Between the period of on or about September 9, 2014 until the date of this Complaint, Plaintiff worked an average of 90 hours per week for Defendants and was paid an average of $9 per hour, but was not paid the overtime rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate based upon the applicable rate for each hour worked above 40 for all weeks worked by Plaintiff.

15. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act, as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the total period of Plaintiff's employment.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment

period with Defendants, or as much as allowed by the Fair Labor Standards Act, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                        Respectfully Submitted,

                                        J.H. Zidell, Esq.
                                        J.H. Zidell, P.A.
                                        Attorney For Plaintiff
                                        300 71st Street, Suite 605
                                        Miami Beach, Florida 33141
                                        Tel: (305) 865-6766
                                        Fax: (305) 865-7167
                                        Email: ZABOGADO@AOL.COM

                                        By:__/s/ J.H. Zidell_____
                                             J.H. Zidell, Esq.
                                           Florida Bar Number: 0010121