UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO.: 15-CV-21966-/O'SULLIVAN

JORGE ANDRES REYES MONTES, a/k/a )
JORGE ANDRES MENDOZA REYES        )
                                  )
                Plaintiff,        )
        vs.                       )
                                  )
COLLINS & 74TH STREET, INC. and   )
MOHAMMED HOSSAIN,                 )
                                  )
                Defendants.       )
_____ )

## JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

The Parties, through their respective undersigned counsel, jointly their proposed Jury Instructions and Verdict Form.   Any objections by Plaintiff to Defendants' proposed instructions are shown in **bolded print.**   Any objections by Defendants to Plaintiff's proposed instructions are *italicized and underlined.*

Dated 7/18/16

J.H. ZIDELL, P.A.
Counsel for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel. (305) 865-6766
Fax. (305) 865-7167

By: /s/ Allyson Morgado
        Allyson Morgado
Jamie Harrison Zidell, Esq. FBN 10121
Joshua H. Sheskin, Esq., FBN 93028
Allyson Morgado, Esq., FBN 91506

LANGBEIN & LANGBEIN, P.A.
Counsel for Defendants
8181 NW 154 Street
Suite 105
Miami Lakes, FL 33016
305-556-3663
Fax: 556-3647

By: /s/ Leslie W. Langbein
        Leslie W. Langbein
        Fl. Bar No. 305391

<u>JOINTLY PROPOSED JURY INSTRUCTION # 1</u>

**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Jorge Andres Reyes Montes, a/k/a Jorge Andres Mendoza

Reyes, claims the Defendants, Collins & 74th Street, Inc. and Mohammed Hossain, did not pay his overtime owed to him under the Fair Labor Standards Act and unlawfully retaliated against him for demanding his overtime. Collins & 74th Street, Inc. and Mohammed Hossain deny those claims and contend that Montes was paid for all hours worked and was not retaliated against.

<u>Burden of proof</u>:

Jorge Andres Reyes Montes, a/k/a Jorge Andres Mendoza Reyes has the burden of proving his case by what the law calls a "preponderance of the evidence." ." _A "preponderance of the evidence" is a much lower standard than the "beyond a reasonable doubt" burden of proof used in criminal cases._ That means Mr. Montes must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Mr. Montes and the evidence favoring Collins & 74th Street, Inc. and Mohammed Hossain on opposite sides of balancing scales, Mr. Montes needs to make the scales tip to his side. If Mr. Montes fails to meet this burden, you must find in favor of Collins & 74th Street, Inc. and Mr. Hossain.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Collins & 74th Street, Inc. and Mr. Hossain have the burden of proving the elements of a defense by a preponderance

of the evidence. I'll instruct you on the facts Collins & 74th Street, Inc. and Mr. Hossain must prove for any affirmative defense. After considering all the evidence, if you decide that Collins & 74th Street, Inc. and Mr.Hossain have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. *I also want to alert you to the fact that the lawyers and*

*their assistants are not permitted to converse with you while you are serving as a juror*

*on this case.   Therefore, if you see one of the lawyers or assistants in the hallway or*

*elsewhere, say "hello" and they do not respond, it is because of this restriction.   If you*

*see or hear anything while serving as a juror which you believe violates these*

*instructions, you should report it to one of the Court's security officers.*    It's very

important that you understand why these rules exist and why they're so important. You

must base your decision only on the testimony and other evidence presented in the

courtroom. It is not fair to the parties if you base your decision in any way on information

you acquire outside the courtroom. For example, the law often uses words and phrases

in special ways, so it's important that any definitions you hear come only from me and

not from any other source. Only you jurors can decide a verdict in this case. The law

sees only you as fair, and only you have promised to be fair – no one else is so

qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If

you do take notes, please don't share them with anyone until you go to the jury room to

decide the case. Don't let note-taking distract you from carefully listening to and

observing the witnesses. When you leave the courtroom, you should leave your notes

hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the

testimony. Your notes are there only to help your memory. They're not entitled to

greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Mr. Montes will present his witnesses and ask them questions. After Mr. Montes questions the witness, Collins & 74th Street, Inc. and Mr. Hossain may ask the witness questions – this is called "cross-examining" the witness. Then Collins & 74th Street, Inc. and Mr. Hossain will present their witnesses, and Mr. Montes may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.   *Please do not consider cross-examination by the lawyers as being rude to witnesses;   it is their job to ask tough questions of witnesses in order to get to the truth of a matter.*

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

Authorities:  Instruction 1.1, 11th Circuit Pattern Jury Instructions (Civil) 2013 *as modified.*

GIVEN AS REQUESTED   _____

GIVEN MODIFIED         _____

REFUSED                     _____

WITHDRAWN               _____

**JOINT PROPOSED JURY INSTRUCTION NO. 2**

**1.2 Burden of Proof – Clear and Convincing Evidence**

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

Authorities:  Instruction 1.2, 11th Circuit Pattern Jury Instructions (Civil) .

GIVEN AS REQUESTED  _____

GIVEN MODIFIED          _____

REFUSED                        _____

WITHDRAWN                  _____

## JOINT PROPOSED JURY INSTRUCTION NO. 3

### Official English Translation/Interpretation

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters.

It is important that all jurors consider the same evidence.  So even if some of you know Spanish, which some of the witnesses in this case may speak, you must accept the English translation provided and disregard any different meaning.

Authorities:  Instruction 1.3, 11th Circuit Pattern Jury Instructions (Civil) 2013.


GIVEN AS REQUESTED   _____

GIVEN MODIFIED         _____

REFUSED                   _____

WITHDRAWN             _____

## JOINT PROPOSED JURY INSTRUCTION NO. 4

### Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness.  I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- **First, you must submit all questions in writing. Please don't ask any questions aloud.**


- **Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask**

- **Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way  that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.**

**<u>Authorities</u>:  Instruction 1.4, 11th Circuit Pattern Jury Instructions (Civil) 2013.**

**GIVEN AS REQUESTED**  _____

**GIVEN MODIFIED**        _____

**REFUSED**                     _____

**WITHDRAWN**              _____

## JOINT PROPOSED JURY INSTRUCTION NO. 5

### Stipulations

Sometimes the parties have agreed that certain facts are true.  This agreement is called a stipulation.  You must treat these facts as proved for this case.

Authorities:  Instruction 2.1, 11th Circuit Pattern Jury Instructions (Civil) 2013.

GIVEN AS REQUESTED   _____

GIVEN MODIFIED          _____

REFUSED                       _____

WITHDRAWN               _____

## JOINT PROPOSED JURY INSTRUCTION NO. 6

### Use of Interrogatories

You may have heard answers that the parties gave in response to written questions the other side submitted. The questions are called "interrogatories" *or "Requests for Admissions."* Before the trial, one or both of the parties gave their answers to the interrogatories *and Requests for Admissions* in writing while under oath.

You must consider the parties' answers to as though they gave the answers on the witness stand.

Authorities:  Instruction 2.6, 11th Circuit Pattern Jury Instructions (Civil) 2013

GIVEN AS REQUESTED  _____

GIVEN MODIFIED  _____

REFUSED  _____

WITHDRAWN  _____

<u>**JOINT PROPOSED JURY INSTRUCTION NO. 7**</u>

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

<u>Authorities</u>:  Instruction 3.1, 11th Circuit Pattern Jury Instructions (Civil) 2013.

GIVEN AS REQUESTED    _____

GIVEN MODIFIED          _____

REFUSED                _____

WITHDRAWN              _____

## JOINT PROPOSED JURY INSTRUCTION NO. 8

### THE DUTY TO FOLLOW INSTRUCTIONS
### CORPORATION INVOLVED

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees which are made within the scope of their duties as employees of the company.

Authority:   Instruction 3.2.2 11th Circuit Pattern Jury Instruction (Civil Cases) 2013 (modified).


GIVEN AS REQUESTED   _____

GIVEN MODIFIED        _____

REFUSED                _____

WITHDRAWN              _____

## JOINT PROPOSED INSTRUCTION NO. 9

**CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE;
ARGUMENT OF COUNSEL; COMMENTS BY THE COURT**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

<u>Authorities</u>:  Instruction 3.3, 11th Circuit Pattern Jury Instructions (Civil) 2013.

GIVEN AS REQUESTED   _____

GIVEN MODIFIED          _____

REFUSED            _____

WITHDRAWN       _____

## JOINT PROPOSED INSTRUCTION NO. 10

### CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

Authorities:  Instruction 3.4, 11th Circuit Pattern Jury Instructions (Civil) 2013.


GIVEN AS REQUESTED   _____

GIVEN MODIFIED          _____

REFUSED                        _____

WITHDRAWN                  _____

## JOINT PROPOSED JURY INSTRUCTION NO. 11

## IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authorities:  Instruction 3.5.1, 11th Circuit Pattern Jury Instructions (Civil) 2013.


GIVEN AS REQUESTED   _____

GIVEN MODIFIED          _____

REFUSED                      _____

WITHDRAWN              _____

## JOINT PROPOSED JURY INSTRUCTION NO. 12

## RESPONSIBILITY FOR PROOF - PLAINTIFF'S CLAIM[S] - PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

Authorities:  Instruction 3.7.1, 11th Circuit Pattern Jury Instructions (Civil) 2013.

GIVEN AS REQUESTED   _____

GIVEN MODIFIED   _____

REFUSED   _____

WITHDRAWN   _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14

### Responsibility for Proof -  Affirmative Defenses

*Defendants COLLINS & 74*$^{TH}$ *STREET, INC. and Mr. Hossain have raised several affirmative defenses.  These affirmative defenses are:*

*1)      Plaintiff cannot state a claim for overtime pay because they fulling complied with the FLSA by accurately keeping track of Plaintiff's work hours and by paying him for all hours over 40 in a work week at the time and a half rate;*

*2)      They acted in good faith to determine their obligations under the FLSA, including by seeking advice from an experienced employment lawyer;*

*3)      **Plaintiff is not entitled to compensation for time which that is not "work time" such as time which is spent waiting for the business to open, waiting for a ride, traveling to and from the work site, visiting with co-workers, friends or relatives during work hours or time spent on Defendants' premises which was solely personal in nature and had no connection with Defendants' business;***

*4)      They are not liable for any overtime hours that Plaintiff accrued beyond what he was authorized to work or of which they had knowledge; and*

*5)       **Assuming Plaintiff is owed overtime pay, Defendants are entitled to off-set against any wages found to be due to Plaintiff the value of pay which was advanced to Plaintiff which he never paid back;***

*6)      **Assuming the jury finds that Plaintiff was terminated from his employment rather than abandoning his job and quitting, Defendants had legitimate non-retaliatory business reasons for doing so;***

7)    ***Assuming the jury finds that Plaintiff was terminated from his employment rather than abandoning his job and quitting,  Plaintiff failed to mitigate his damages***;

8)    *Any injuries suffered by Plaintiff were the result of his own actions or inactions;*

9)    *Defendants are not liable to Plaintiff for damages that resulted whole or in part from pre-existing injuries or conditions*;

10)   ***Assuming the jury finds that Plaintiff was terminated from his employment rather than abandoning his job and quitting,  Defendants would have taken the same action against him regardless of any protected activity.***

*When more than one affirmative defense is involved, you should consider each one separately.*

*Authorities:*  *Instruction 3.7.2, 11th Circuit Pattern Jury Instructions (Civil) 2013.*

GIVEN AS REQUESTED        _____

GIVEN MODIFIED              _____

REFUSED                        _____

WITHDRAWN                    _____

## JOINT PROPOSED JURY INSTRUCTION NO. 15

### DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous -- in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with. Remember that, in a very real way, you're judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Authorities:  Instruction 3.8.1, 11th Circuit Pattern Jury Instructions (Civil) 2013.


GIVEN AS REQUESTED   _____

GIVEN MODIFIED          _____

REFUSED                      _____ _____

WITHDRAWN                  _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16

### FAIR LABOR STANDARDS ACT

In this case, Plaintiff claims that the Defendants did not pay him the overtime wage pay required by the federal Fair Labor Standards Act, also known as the "FLSA." To succeed on his claim against the Defendants, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: the Plaintiff was an employee of Defendants and was either engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Second: Defendants failed to pay Plaintiff the overtime pay required by law.   In the verdict form that I will explain in a moment, you will be asked to answer questions about the relevant factual issues.

For the first fact, the Parties agree that Plaintiff was an employee of both the individual and the corporate defendants and they are jointly and severally liable if you find that Plaintiff was owed overtime.   The parties also agree that the corporate Defendant was an enterprise engaged in commerce and Plaintiff was employed by the enterprise engaged in commerce. Therefore you should consider the first fact to already be established.  However, the Parties dispute the second fact as Defendants claim they do not owe Plaintiff the overtime wages he seeks.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek.   Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

*If you find that the Plaintiff worked more than 40 hours* **in each and every workweek—as he claims**—*and he was not already paid overtime for all of the overtime hours worked, you shall then consider the Defendants' affirmative defenses.  If, you still find that Plaintiff is due some overtime wages, you then will be required to determine the amount of overtime pay, if any, he is still due.*  The amount of damages owed to the Plaintiff, if any, is the difference between the amount Plaintiff should have been paid and the amount he was actually paid.  *In making that determination you must perform your calculation on a week to week basis.*

*You should also be aware that a "workweek" is defined as a regularly recurring period of seven days or 168 hours, as designated by the employer.   To calculate how much overtime pay a person is owed for a certain week, subtract 40 from the total number of hours you find the person worked that week and multiply the difference by the overtime rate of time and a half.  From that amount subtract any overtime pay the person already has been paid for hours over forty in that work week. You should do this calculation for any week that you find the Plaintiff was not paid for all of his overtime hours.  The total amount of overtime pay due to Plaintiff, if any, will be entered on the Verdict Form.*

Inadequate Records: The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Plaintiff claims that Defendants failed to keep and maintain adequate records of his hours and pay.

Plaintiff also claims that Defendants failure to keep and maintain adequate records has made it difficult for him to prove the exact amount of his claim.

If you find that Defendants failed to keep adequate time and pay records for Plaintiff and that Plaintiff performed work for which he should have been paid, Plaintiff may recover a reasonable estimation of the amount of his damages. But to recover this amount, Plaintiff must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

_Plaintiff will carry out his burden if he proves that he has in fact performed work for which he has been improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to Defendants to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from Plaintiff's evidence.  If Defendants fail to produce such evidence, Plaintiff then be awarded damages even though the result be only approximate._

Authority:      4.14, 11th Circuit Pattern Jury Instructions (Civil) 2013 as modified by Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946).

GIVEN AS REQUESTED      _____

GIVEN MODIFIED       _____

REFUSED               _____

WITHDRAWN           _____

PLAINTIFF'S PROPOSED JURY INSTRUCTION # 16

4.14 Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq.

In this case, Mr. Montes claims that Collins & 74th Street, Inc. and Mohammed Hossain did not pay Mr. Montes overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on his claim against Collins & 74th Street, Inc. and Mohammed Hossain, Mr. Montes must prove the following fact by a preponderance of the evidence:

Collins & 74th Street, Inc. and Mohammed Hossain failed to pay Mr. Montes the overtime pay required by law.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about this factual issue.]

The amount of damages is the difference between the amount Mr. Montes should have been paid and the amount he was actually paid. Mr. Montes is entitled to recover lost wages from the date of your verdict back to no more than two years before he filed this lawsuit May 22, 2015 – unless you find that the employer either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that the employer knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Mr. Montes is entitled to recover lost wages from date of your verdict back to no more than three years before he filed this lawsuit.

Inadequate Records: The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Mr. Montes claims that Collins & 74th Street, Inc. and Mohammed Hossain failed to keep and maintain adequate records of his hours and pay. Mr. Montes also claims that Collins & 74th Street, Inc. and Mohammed Hossain failure to keep and maintain adequate records has made it difficult for Mr. Montes to prove the exact amount of his claim.

If you find that Collins & 74th Street, Inc. and Mohammed Hossain failed to keep adequate time and pay records for Mr. Montes and that Mr. Montes performed work for which he should have been paid, Mr. Montes may recover a reasonable estimation of the amount of his damages. But to recover this amount, Mr. Montes must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION #17**

**RECORD KEEPING OBLIGATION**

In determining whether Plaintiffs are owed overtime wage compensation, keep in mind that the law requires employers to keep records of the number of hours actually worked by its employees subject to this Act for employees who are not exempt.  If you conclude Plaintiffs were employees and were not exempt, then the law requires those records show the number of hours worked each work day and the total hours worked each work week.

Authority:   29 U.S.C. §211(c); 29 C.F.R. §516.2; *Gaylord v. Miami-Dade County*, 78 F.Supp.2d 1320 (S.D. Fla. 1999); *Reich v. Dep't of Conservation & Natural Res., State of Ala.*, 28 F.3d 1076, 1081 (11th Cir. 1994); *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-87 (1946).

GIVEN AS REQUESTED        _____

GIVEN MODIFIED              _____

REFUSED                           _____

WITHDRAWN                     _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18

Several employers may be liable for an employee's overtime wages under the Fair Labor Standards Act.

Authority:   *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).

GIVEN AS REQUESTED         _____

GIVEN MODIFIED              _____

REFUSED                     _____

WITHDRAWN                   _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION # 19

### Working Time

Under the law, the test for whether an employee's time constitutes working time is whether the time is spent predominantly for the employer's benefit or for the employee's.  This test requires consideration of the agreement between the parties, the nature and extent of the restrictions, the relationship between the services rendered and the on call time, and all surrounding circumstances.

*Authority:   IBP, Inc. v. Alvarez,* 546 U.S. 21, 25, 126 S.Ct. 514, 163 L.Ed.2d 288 (2005); *Armour & Co. v. Wantock*, 323 U.S. 126, 133, 65 S. Ct. 165,  168, 89 L. Ed. 118 (1944); *Skidmore v. Swift & Co.*, 323 U.S. 134, 137, 65 S. Ct. 161, 163, 89 L. Ed. 124 (1944); and, *Gilligan v. City of Emporia, Kansas*, 986 F.2d 410, 412 (10th Cir. 1993); 29 C.F.R. 553.2221 (d); and, *Gilligan v. City of Emporia, Kansas*, 986 F.2d 410, 412 (10th Cir. 1993).  *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 692, 90 L.Ed 1515, 66 S.Ct. 1187 (1946), *Lindow v. USA,* 738 F.2d 1057 (9th Cir. 1983

GIVEN AS REQUESTED      _____

GIVEN MODIFIED      _____

REFUSED      _____

WITHDRAWN      _____

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19**

<u>DEFINITION OF "WORK"</u>

<u>"Work" under the Fair Labor Standards Act includes the time an employee is necessarily required to be on the employer's premises on duty, or at a prescribed location attending to his employer's business.   Under the law, time spent in physical or mental exertion (whether burdensome or not) controlled or required by an employer, and pursued necessarily for the primary benefit of an employer's business is "work." "Work" also includes:</u>

1) <u> time spent before or after a regular work shift if the activities are a necessary part of the principal duties for which the employee is employed and that benefit the employer;</u>

2) <u>time that an employee is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes (known as "on call";)</u>

3) <u>"Stand-by" time or "waiting" time if it is in furtherance of the employer's business objectives; and</u>

4) <u>time that an employer suffers or permits a worker to work, meaning that the employer either knows or suspects that an employee is performing work for its benefits.</u>

<u>On the other hand, "work" does not include</u>

1)    **time an employee spends commuting to and from the actual place of performance of the employee's principal activity activities or duties.**

2)    **time spent before or after a regular work shift on activities that are not a necessary part of the principal duties for which the employee is employed and that only are performed for the employee's benefit or convenience;**

3)    **time spent by an employee while on the employer's premises on personal matters or issues that are not connected with, or are of no benefit to, an employer's business, such as by way of example, being unavailable to work due to being on personal phone calls, visiting a lunch truck, using social media, engaging in horseplay, coming to the premises to visit co-workers or customers, spending time on the work premises with visitors for reasons unrelated to the employer's business, coming to the premises early waiting around for a shift to begin; or staying after a shift is over waiting for a ride home.**

   4)     *time between work assignments, such as the time between split shifts or a split in jobs, in which the employee is free to pursue personal or other non-work related activities as well as periods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes;*

 5)     *time spent by an employee taking meal breaks or rest breaks that last longer than 20 minutes;*

6)     *time when an employee is merely required to leave word at his home or with              company officials where he may be reached;.*

7)     *time spent traveling to and from and attending follow up medical appointments in     conjunction with an employee's worker's compensation injury when the            appointments are made by the employee, rather than the employer; and*

8)     *time that an employee works but about which the employer has no actual knowledge or reason to believe the employee will be working.*

   *If you find Plaintiff has proved by a preponderance of evidence that he worked overtime hours for which he was not properly paid and is entitled to damages, you should deduct any time that is not "work" time in determining how much is he owed.*

Authority:      Tennessee Coal, Iron & R.R. Co., v. Muscoda Local 123, 321 U.S. 590 (1944); Burton v. Hillsborough County, 2006 U.S. App. LEXIS 12207 (11th Cir. 2006), 29 U.S.C. § 254(a); Dept. of Labor Interpretive Guidance, 29 C.F.R. § 785.11 through 785.19, 29 U.S.C.785.43 as interpreted by DOL Opinion Letter 1987 DOLWH LEXIS 30 at 5 (Sept. 10, 1987) cited in Copeland v. ABB, Inc., 2006 U.S. Dist. LEXIS 49158 (W.D. Miss 2006).

GIVEN AS REQUESTED _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 20**

**"Employer Knowledge"**

An employer may be considered to have knowledge of an employee's overtime if using reasonable diligence, the employer would have found out the employee worked overtime, even if the employer has a policy against working overtime. If a reasonable inference could be drawn that supports that the employee worked overtime, from the knowledge of the employer, then the employer may be charged with having knowledge that the employee worked overtime.

Authority:     D.E. 78, *Reich v. Dept. of Conservation and Natural Res., State of Ala.,* 28 F.3d 1075 (11th Cir. 1994), *People ex. rel. Price v. Sheffield Farms-Slawson-Decker Co*, 121 N.E. 474 (N.Y. 1918), *Frew v. Tolt Techs. Serv. Grp., LLC*, No. 6:09-CV-49-ORL-19GJK, 2010 WL 557940 (M.D. Fla. Feb. 11, 2010). (Cases as cited in D.E. 78).

GIVEN AS REQUESTED _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20

### EMPLOYER LIABILITY UNDER THE FAIR LABOR STANDARDS ACT WHEN NO ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF WORK

*Under the Fair Labor Standards Act an employer is liable for all hours that it suffers or permits an employee to work. The words "suffer" or "permit" refer to an employer's actual or constructive knowledge that an employee is performing work for its benefit. However, there is no obligation under the FLSA for an employer to pay for work about which it has no knowledge or has no reason to know about. When an employee performs work but deliberately prevents his employer from learning about it, the employer is not liable to the employee for the hours the employee worked.*

*Therefore, in order for Plaintiff to prevail on his overtime wage claim, he must establish by a preponderance of evidence that the Defendants knew or had reason to know about the hours he claims to have worked. It is not enough for the Plaintiff to establish that Defendants had knowledge of a few incidents or that Defendants should have been on notice during the entire time period claimed that the Plaintiff always worked additional hours. Nor is Defendants' simple knowledge that the Plaintiff was on its premises sufficient to place it on notice that the Plaintiff was working additional hours during that time.*

Authority: 29 U.S.C. 203(g) and 29 CFR 785.13. Allen v. Board of Public Educ. for Bibb Cty., 495 F.3d 1306, 1319 (11th Cir. 2007); Pforr v. Food Lion, 851 F. 2d 106 (4th Cir. 1988).

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #21

### Permitted To Work

Permitting an employee to engage in an activity is considered "work" under the FLSA.

29 U.S.C. 203 (e)(1)

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #22

### "Employ" Defined

The term "employ" is defined as "to suffer or permit to work."

Authority:     29 U.S.C. §203(g)(1); Anglin v. Maxim Healthcare Servs., 2009 U.S. Dist.
LEXIS 70155  (M.D. Fla. July 22, 2009)

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                      _____

WITHDRAWN                    _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #23

### (Rest Time and Meal Time)

Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

Under the Fair Labor Standards Act, *bona fide* meal periods are not compensable work time. A *bona fide* meal period ordinarily lasts 30 minutes or more. In contrast, short periods away from work, commonly known as break periods, are compensable work time. To qualify as *bona fide* meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty. An employee is not denied a *bona fide* meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a *bona fide* meal period by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

<u>Authority:</u>    29 C.F.R. § 785.18; *Bates v. Dept. of Corrections of the State of Kansas*, 81 F.3d 1008, 1010-11 (10th Cir. 1996); 29 C.F.R. §785.19. McNamara, Southerland, Federal Employment Jury Instructions (2011).

GIVEN AS REQUESTED   _____

GIVEN MODIFIED        _____

REFUSED                 _____

WITHDRAWN           _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #24

### Rights to Overtime Non-Waivable

An individual employee's rights for overtime under the Fair Labor Standards Act cannot be *abridged by contract* or otherwise waived by the employee.

Authority:   *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981)

*Baker et.al. v. Barnard Construction Co.* et.al., 146 F.3d 1214 (10th Cir. 1998)


GIVEN AS REQUESTED   _____

GIVEN MODIFIED           _____

REFUSED                         _____

WITHDRAWN                   _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION # 25

### "WORK" DEFINED

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.


Authority:   *Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944).


GIVEN AS REQUESTED   _____

GIVEN MODIFIED         _____

REFUSED                      _____

WITHDRAWN               _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION # 26

### "COMPENSABLE TIME" INCLUSIVE

"Compensable time" includes far more than the time that the employee spends engaged in active labor.

Authority:   *Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

GIVEN AS REQUESTED   _____

GIVEN MODIFIED          _____

REFUSED                       _____

WITHDRAWN                 _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION # 27

### "Willfulness"

A willful violation means a violation in circumstances where the employer knew that its conduct was prohibited by the Act or showed reckless disregard of the requirements of the Act.     All of the facts and circumstances surrounding the violation are taken into account in determining whether a violation was willful.

Authority :     25 CFR §551.104

GIVEN AS REQUESTED   _____

GIVEN MODIFIED         _____

REFUSED                      _____

WITHDRAWN                _____

**JOINT PROPOSED JURY INSTRUCTION # 28**

**Retaliation**

In this case, Mr. Montes claims that Collins & 74th Street, Inc. and Mr. Hossain retaliated Mr. Montes because he took steps to enforce his lawful rights under The FLSA.   Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.

Mr. Montes claims that Collins & 74th Street, Inc. and Mr. Hossain terminated him because he *[filed this lawsuit for overtime pay]* *[*requested overtime wages owed to him.*]*  Collins & 74th Street, Inc. and Mr. Hossain deny Mr. Montes' claim ***and assert instead that Mr. Montes never reported for his scheduled shift or returned to work after getting into an argument with his assistant manager over an unpaid loan Mr. Montes owed Collins & 74th Street, Inc.   Collins & 74th Street and Mr. Hossain claim they even if you find that Mr. Montes was terminated, there would have been legitimate non-discriminatory reasons for taking this action.***

To succeed on his claim, Mr. Montes must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:   Mr. Montes engaged in a protected activity;

<u>Second</u>: Collins & 74th Street, Inc. and Mr. Hossain then took an adverse employment action;

<u>Third</u>:   Collins & 74th Street, Inc. and Mr. Hossain took the adverse employment action because of Mr. Montes' protected activity; and

<u>Fourth</u>:   Mr. Montes suffered damages ***as a direct result of*** because of the adverse employment action.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

For the first element, Mr. Montes claims that he engaged in protected activity when he filed his complaint for overtime under the FLSA. [That action is "protected activity" if it was based on Mr. Montes' good-faith, reasonable belief that Collins & 74th Street, Inc. and Mr. Hossain paid him improperly. Mr. Montes had a "good faith" belief if he honestly believed that Collins & 74th Street, Inc. and Mohammed Hossain owed him overtime. Mr. Montes had a "reasonable" belief if a reasonable person would, under the circumstances, believe that Collins & 74th Street, Inc. and Mohammed Hossain terminated him because of his filing of the complaint. Mr. Montes does not have to prove that Collins & 74th Street, Inc. and Mohammed Hossain actually acted against him because of said complaint. But he must prove that he had a good-faith, reasonable belief that Collins & 74th Street, Inc. and Mohammed Hossain did so to him.] [1]

For the second element, Mr. Montes claims that Collins & 74th Street, Inc. and Mohammed Hossain took an adverse employment action against him when Collins & 74th Street, Inc. and Mohammed Hossain fired him. *The parties stipulate that if you find Mr. Montes was fired, his firing is an adverse action.* You *first* must decide **whether [*Mr. Montes's employment relationship with Collins & 74th Street and Mr. Hossain ended because of a voluntary decision by Mr. Montes to quit or whether he was terminated by Collins & 74th Street and Mr. Hossain claim.*]** termination is an adverse employment action. ***An employee's voluntary decision to quit his job is not an adverse action. If you find that Mr. Montes voluntarily quit, you need not***

---

[1]   Defendants object to Plaintiff's attempt to insert an "opposition" claim into the case at this time since it was never pled in the Amended Complaint.

***examine the third and fourth factors and you will simply enter a verdict in favor of Collins and 74th Street, Inc. and Mr. Hossain and against Mr. Montes on his retaliation claim.  If, on the other hand, you find that Mr. Montes was terminated by Collins & 74th Street, Inc., you should consider the third and fourth factors.***

An "adverse employment action" is any type of action that would have made a reasonable employee reluctant to make or support an FLSA Complaint. Put another way, if a reasonable employee would be less likely to complain about or oppose alleged FLSA Violations because he or she knew that Collins & 74th Street, Inc. and Mohammed Hossain would have terminated him or her then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged FLSA Violation, it is not an adverse employment action.   [*Defendants believe this paragraph is unnecessary in view of the stipulation above*]

For the third element, if you find that Mr. Montes engaged in protected activity and that Collins & 74th Street, Inc. and Mr. Hossain took an adverse employment action against him, you must decide whether Collins & 74th Street, Inc. and Mr. Hossain took action *against [*because of*]*  Mr. Montes *because of his* protected activity.  Put another way, you must decide whether Mr. Montes' protected activity was the ***"but for" or*** main reason for Collins & 74th Street, Inc. and Mr. Hossain's decisions. ***[Stated another way, would Collins & 74th Street and Mr. Hossain have terminated Mr. Montes' employment "but for" his assertion of FLSA rights].***

To determine that Collins & 74th Street, Inc. and Mr. Hossain took an adverse employment action because of Mr. Montes' protected activity, you must decide that

Collins & 74th Street, Inc. and Mr. Hossain would not have taken the action had Mr. Montes not engaged in the protected activity *assuming [*but*]* everything else had been the same.   Collins & 74th Street, Inc. and Mr. Hossain claim that *Mr. Montes's* *employment relationship with them ended not* because of *his lawsuit for [*his complaint *about*] overtime *but for* [*and that they took the action for other reasons.*]*   An employer may not take an adverse action against an employee because of the employee's protected activity but an employer may terminate an employee for any other reason, good or bad, fair or unfair.  If you believe Collins & 74th Street, Inc. and Mr. Hossain's reason[s] ***why they might have terminated Mr. Montes' employment had they made*** ***a decision to do so*** [for his decision*]*, and you find that Collins & 74th Street, Inc. and Mr. Hossain did not make his decision because of Mr. Montes' protected activity, you must not second guess that **decision *or let sympathy for Mr. Montes to lead you to*** , [*and you must not*] substitute your own judgment for Collins & 74th Street, Inc. and Mr. Hossain judgment – even if you do not agree with it. ***and would have acted differently*** ***under the circumstances.*** [2]

As I have explained, Mr. Montes has the burden to prove that Collins & 74th Street, Inc. and Mr. Hossain ***terminated him and the*** decision to terminate him was because of his protected activity.

---

[2]   Defendants do not raise a mixed motive or "same decision" defense based on the decision in Univ. of Tex. SW. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2533-34, 186 L.Ed.2d 503 (2013).

I have explained to you that evidence can be direct or circumstantial ***but conclusory allegations or unsubstantiated speculation advance by Mr. Montes about the reasons for his termination do not meet the standard of proof.*** To decide if *Mr. Montes' employment relationship with [*whether] Collins & 74th Street, Inc. and Mr. Hossain *ended because of Mr. Montes' protected activity [*decision to terminate Mr. Montes was because of his protected activity*]*, you may consider the circumstances ***surrounding Mr. Montes' last visit to the business and what would have caused*** **of Collins & 74th Street, Inc. and Mr. Hossain** ***to end his employment relationship*** *[decision.]* For example, you may consider whether you believe the reason[s] that Collins & 74th Street, Inc. and Mr. Hossain gave ***for the end of Mr. Montes' employment relationship and whether the circumstances would have caused an employer like Collins & 74th Street and Mr. Hossain to terminate Mr. Montes.*** *[*for the decision.*]* If you do not believe the reason[s] that they ***state for why Mr. Montes' employment with Collins & 74th Street and Mr. Hossain ended,*** *[* gave for the decision*]*, you may consider whether the reason[s] [was/were] so unbelievable that [it was/they were] a cover-up to hide the true retaliatory reasons for the decision**.** ***On the other hand, if you find that the reasons stated by Collins & 74th Street and Mr. Hossain for the end of Mr. Montes' employment are believable (though you may not agree with them), then you should enter a verdict in favor of Collins & 74th Street, Inc. and Mr. Hossain and against Mr. Montes on his retaliation claim. If you find that Mr. Montes has proven that the explanation given by Collins & 74th Street and Mr. Hossain is a cover-up for retaliation, then you next must consider the fourth element.***

For the fourth element, you must decide whether Collins & 74th Street, Inc. and Mr. Hossain's acts were the proximate cause of _any_ damages that Mr. Montes sustained. Put another way, you must decide, if Collins & 74th Street, Inc. and Mr. Hossain had not terminated Mr. Montes, would these damages have occurred?

If you find that Collins & 74th Street, Inc. and Mr. Hossain's acts were the proximate cause of damages that Mr. Montes sustained, you must determine the amount of damages.

When considering the issue of Mr. Montes' damages, you should determine what amount, if any, has been proven by him by a preponderance of the evidence as full, just and reasonable compensation for all of his damages as a result of his termination, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Collins & 74th Street, Inc. and Mr. Hossain. Also, compensatory damages must not be based on speculation or guesswork.

_You should consider the following element of damages, to the extent you find that Mr. Montes has proved it by a preponderance of the evidence:_

_(a)     net lost wages and benefits from the date of Mr. Montes' termination to the_ _____ _date of your verdict._

_(b)     emotional pain and mental distress_.

_As far as net lost wages_, you are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Mr. Montes to be reasonably diligent in seeking substantially equivalent employment to the position he held with Collins & 74th Street, Inc. and Mr. Hossain.

***One who seeks back pay must be ready, willing and** available to **seek and accept new employment substantially equivalent to that from which he was discharged.  You must decide whether the Plaintiff was reasonable in not seeking or accepting a particular job.  The Plaintiff must seek or accept employment of like nature.   In determining whether employment is of "like nature" you may consider:***

1.  ***The type of work,***

2. ***The hours worked,***

3. ***The compensation,***

4. ***The job security,***

5. ***The working conditions, and***

6. ***Other conditions of employment.***

To prove that Mr. Montes failed to mitigate damages, Collins & 74th Street, and Mr. Hossain must prove by a preponderance of the evidence that: (1) work comparable to the position Mr. Montes  held with Collins and 74th Street and Mr. Hossain was available, and (2) Mr. Montes did not make reasonably diligent efforts to obtain it. If, however, Collins & 74th Street, Inc. and Mr. Hossain show that Mr. Montes did not make reasonable efforts to obtain any work, then Collins & 74th Street, Inc. and Mr. Hossain do not have to prove that comparable work was available.

If you find that Collins & 74th Street, Inc. and Mr. Hossain proved by a preponderance of the evidence that Mr. Montes failed to mitigate damages, then you should reduce the amount of Mr. Montes damages by the amount that could have been reasonably realized if Mr. Montes had taken advantage of an opportunity for

substantially equivalent employment.    If Collins & 74th Street, Inc. and Mr. Hossain proved by a preponderance of the evidence that Mr. Montes failed to mitigate damages, then you should reduce the amount of Mr. Montes' damages by the amount that could have been reasonably realized if Mr. Montes had taken advantage of an opportunity for substantially equivalent employment.

To determine whether and how much Mr. Montes should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury — tangible and intangible.   Mr. Montes does not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.  ***If Mr. Montes does not establish that he experienced emotional pain and mental suffering because of the violations of his rights under the FLSA, then he cannot recover compensatory damages***.

***On the other hand, if you find that Mr. Montes has established by a preponderance of evidence that he experienced emotional pain and mental suffering because of the violation of his rights under the FLSA, then you should consider whether he had any pre-existing mental or emotional condition.   You should attempt to decide what portion of Mr. Montes' condition resulted from aggravation of the pre-existing condition.   If you can make that determination, then you should award only those damages resulting from the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the complained of act(s), you should***

**_consider and make allowance in your verdict for the entire condition._**

Authority:       Instruction 4.22 as modified by <u>King v. Secretary, U.S. Army</u>, 2016 U.S.
App. LEXIS 10814  (11th Cir. 6/15/16) citing <u>Univ. of Tex. SW. Med. Ctr. v.
Nassar</u>, 133 S. Ct. 2517, 2533-34, 186 L.Ed.2d 503 (2013). *29 U.S.C. §
215(a)(3); <u>Wolf v. Coca-Cola</u>, 200 F.3d 1337, 1342-1343 (11th Cir. 2000);
Reich v. Davis, 50 F.3d 962 (11th Cir. 1995) <u>Barquin v. Monty's Sunset,
LLC</u>, 2013 U.S. Dist. LEXIS 144076 (S.D. Fla. 2013) and cases cite
therein; <u>Garges v. The People's Light & Theater, Co</u>, 2012 U.S. Dist.
LEXIS 178401 (E.D. Pa. 2012) and Instruction 4.10.* American Bar
Association, <u>Model Jury Instructions</u>, Employment Litigation, 1.07(3);
Florida Standard Jury Instructions No. 415(7) and 501(5), as modified.
*<u>Miller v. Marsh</u>, 766 F.2d 490, 492 (11th Cir. 1985); <u>EEOC v. Local 638</u>,*
674 F. Supp. 91, 104 (S.D.N.Y. 1987) and cases cited therein.  American
Bar Association, Model Jury  Instruction 6.11(5), <u>Employment Litigation</u>
(1994)

GIVEN AS REQUESTED   _____

GIVEN MODIFIED          _____

REFUSED                      _____

WITHDRAWN                _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 29**

**Causal Connection**

"A causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action."

*Burrus v. United Telephone Co. of Kansas, Inc.*, 683 F.2d 339, 343 (10th Cir. 1982).


GIVEN AS REQUESTED   _____

GIVEN MODIFIED          _____

REFUSED                      _____

WITHDRAWN                _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION # 29

'Proximate Cause"

The term "proximate cause" means "whether the harm alleged has a sufficiently close connection to the conduct the statute prohibits."

Authority:   <u>City of Miami v. Bank of America,</u> 800 F.3d 1262 (11th Cir.  2015)

GIVEN AS REQUESTED   _____

GIVEN MODIFIED         _____

REFUSED                       _____

WITHDRAWN                _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION # 30

### Economic Damages to Retaliation

If you determine that the Defendants would not have retaliated against Plaintiff but for Plaintiff's claim for overtime wages under the Fair Labor Standards Act, then you must determine the amount of damages that the Defendants have caused the Plaintiff.

You may award as actual damages an amount that reasonably compensates the Plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that the Plaintiff would have received had she not been retaliated against.

Basically, you have the ability to make the Plaintiff whole for any wages or other benefits that she lost as a result of her retaliatory termination.

Authority:   Model Jury Instructions – Employment Litigation, Section 1.03[2][b], AHA, Section of Litigation, 1994; *Lorillard v. Pons*, 434 U.S. 575 (1978); *Faris v. Lynchburg Foundry*, 796 F.2d 958 (4th Cir. 1985), *Blim v. Western Elec. Co.*, 731 F.2d 1473 (10th Cir. 1984).

GIVEN AS REQUESTED   _____

GIVEN MODIFIED   _____

REFUSED   _____

WITHDRAWN   _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION # 31
### Emotional Distress

Plaintiff has alleged that, as a result of Defendants' alleged retaliation based on the Plaintiff's asserting his rights to obtain his FLSA-mandated wages, he has suffered mental and emotional pain and suffering. These are called compensatory damages. A Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence. If the Plaintiff in this case does not establish that he experienced emotional pain and suffering because of the violations of her rights under the Act, then he cannot recover compensatory damages.

If you determine the Plaintiff has proven by a preponderance of the evidence that she experienced emotional pain and suffering, you may award damages for those injuries. A Plaintiff's testimony regarding emotional distress must establish that he actually suffered demonstrable emotional distress, which must be sufficiently articulated--neither conclusory statements that the Plaintiff suffered emotional distress nor the mere fact that a violation occurred supports an award of compensatory damages. No evidence of the monetary value of such intangible issues such as pain or suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for the elements of these damages. The damages that you award must be fair compensation-no more and no less.

When considering the amount of monetary damages to which the Plaintiff in this case may be entitled, you should consider the nature, character, and seriousness of any emotional pain and suffering she allegedly experienced. You must also consider its

extent or duration, as any award you make must cover the damages endured by the Plaintiff since the wrongdoing to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that the emotional pain and suffering and its consequences which have continued to the present time or can reasonably be expected to continue in the future.

Authority (modified): American Bar Association, Model Jury Instructions, Employment Litigation, Sections 1.07[3]; Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §§ 104.06,1-4.6, 104A.ll (1987 and Supp. 1991) (modified); Pattern Federal Claims Instructions, No. 1.2, U.S. Eleventh Circuit (1990); Snapp v. Unlimited Concepts, ~, 208 F .3d 928 (11 th Cir .2000), Vance v. Southern Bell Telephone and Tele~aph ~, 863 F.2d 1503 (1lth Cir. 1989); Stallworth v. Shuler,777 F.2d 1431 (1lth Cir. 1985); Carey v. Piphus, 435 U.S. 24755 L.Ed. 2d. 252 (1978); Price v. City of Charlotte, 71 FEP Cases 1289,1298 (4th Cir. 1996); Patterson v. PHP Healthcare, 72 FEP 613(5th Cir. 1996); McLaughlin v. Richland Shoe Co.. 486 U.S. 128 (1988); Equal Pay Act Instructions and Comments, Section 2.05; Restatement (Second) of ~, § 500 (1965).

## DEFENDANTS' PROPOSED JURY INSTRUCTION  # 32

### *2.5 Judicial Notice*

*The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted the following facts and you must accept them as true for this case:*

*Cell phone towers are structures which are erected or used by cellular telephone service providers to receive or transmit cell phone calls throughout the provider's network area.  Cellular telephone service providers may require many cell phone towers in a particular area, like Miami-Dade County, due to the number of subscribers and volume of cell phone usage. Cellular telephone providers keep track of the cell phone towers by assigning each tower a unique identifying code. Cell phone towers also can be identified by their exact location, which can be a street address or by longitude and latitude coordinates.  Upon request, a cellular telephone service provider can produce a list which identifies the code and location of every cell tower in a particular area like Miami-Dade County.*

*When a cell phone is turned on, it constantly relays its location to the nearest cell phone tower so the phone can be prepared to transmit or receive signals.  This process called "registration" occurs roughly every seven (7) seconds.  No cell phone call will go through unless the call is transmitted or received through a cell tower which is within range of the cell phone user.  Cell phone towers function as the cellular telephone service provider's switching equipment that allows the call to proceed.  Cell-phone users know that when they place or receive calls, they, through their cell phones, are transmitting signals to the nearest cell tower and thus, to their communications service provider.  The process of a cell phone tower picking up a cell phone call is commonly referred to as "pinging."  If a person using a cell phone to make a call is traveling or moving about, his or her cell phone call may pinge off of several towers along the route of movement.   The cellular network does this automatically to insure the best reception for the call.*

*Cell phone users know that their telephone service providers make and maintain permanent records regarding cell-phone usage, as many different types of billing plans are available, including unlimited use, limited minutes with additional charges for extra minutes and prepaid.   Some plans also impose additional charges when a cell phone is used outside its "home area" which is commonly known as "roaming" charges.   In order to bill in these different ways, cellular telephone service providers must maintain certain data.  "Pinging" from cell phone towers allows cellular telephone providers to electronically track and record the date and time a call was made or received, the number with whom the call occurred, the duration of the call, the direction of the call (whether the call was incoming or outgoing) and the particular cell towers which picked up the call. Cell*

*phone services providers can download this electronic data into a report which is known as a "call-detail" report.   Call detail reports can be used to show the general vicinities in which the cell phone was located during the periods when particular cell phone calls were made or received.   Pinpoint accuracy is not possible but the call detail reports can show a call occurred within an area that covers several city blocks.*

*Law enforcement agencies often use call detail reports in criminal investigations to trace a person's movement.   However, a party to a civil lawsuit also can subpoena a call detail report for a particular cellular telephone number to prove whether a person was where he or she said she was on a given date and time.*

*Other facts of which I take judicial notice are the numerical designation by federal and state highway authorities of certain tolled roadways, highways and entrances and exits to them in Broward and Miami-Dade Counties.  The Florida Turnpike has entrances and exits called "interchanges" at the Golden Glades Interchange in Northwest Miami-Dade County which allow a driver access to and from I-95. There are interchanges on the Florida Turnpike at Hollywood Boulevard, Miramar and Sunrise Boulevard in Broward County and at Okeechobee Road in Miami-Dade County.  The State of Florida maintains State Road 924 which is commonly referred to as the Gratigny Parkway and runs east and west in northwest Miami-Dade County.  State Road 924 has interchanges or sensors at 42nd Avenue and 57th Avenue.  State Road 836 is an east-west expressway which has entrances and exits at 17th Avenue, 27th Avenue, 32nd Avenue, 42th Avenue, 47th Avenue, 57th Avenue, 97th Avenue, 107th Avenue and 137th Avenue and other sensors along the route.  State Road 112 is an east-west expressway that has entrances and exits and sensors at 12th Avenue, 22nd Avenue, 27th Avenue, 32nd Avenue and ends at 42nd Avenue in Miami Dade County.*

*I also take notice that drivers may pre-pay tolls on the Florida Turnpike and State Roads 924, 836 and 112 by purchasing an electronic device with a discrete identification number known as a "Sunpass" transponder.  Drivers register their transponders by identification number with the Florida Turnpike Authority.   When a driver with a Sunpass transponder device passes under an electronic sensor on a tolled roadway or highway, the sensor  records the date and time the vehicle moved beneath it.  This information is maintained.for use by the Florida Turnpike Authority to collect tolls. The Florida Turnpike Authority also has a system called "Toll By Plate" which allows a vehicle to pass through an interchange or underneath a sensor and receive an invoice for tolls after the fact. Interchanges and sensors take photographs of the license tags of all vehicles which do not have a Sunpass transponder and will receive an invoice for tolls.  This information is transmitted to the Florida Turnpike Authority.*

*Authorities:  Instruction 2.5, 11th Circuit Pattern Jury Instructions (Civil) 2013.  In Re Application of the United States of America for Historical Cell Cite Data, Case*

<u>No. 11-20884, Fed. Appx. (5th Cir. 2013); U.S. v. Madison,  Docket Entry 339,</u>
<u>S.D. Fla. Case No. 11-60285 (Rosenbaum); Commonwealth v. Princiotta, 31</u>
<u>Mass. L. Rep. 68 (Mass. Sup. Ct. 2013)</u>

GIVEN AS REQUESTED    _____
GIVEN MODIFIED         _____
REFUSED                _____
WITHDRAWN              _____

**JOINT PROPOSED JURY INSTRUCTION # 32**

**Foreperson, Verdict Forms and Deliberation**

**Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

## PLAINTIFF'S PROPOSED VERDICT FORM